# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KEITH BAILEY,**

        **Petitioner,**

        **v.**                                   **Case No. 15-CV-584**

**BRIAN FOSTER,**

        **Respondent.**

# REPORT AND RECOMMENDATION

### Background

Keith Bailey, along with his friend Eddie "Memphis" Walker, was charged with raping two woman in separate incidents in February 2009 and February 2010. Following a jury trial, Bailey was convicted on November 9, 2011, of two counts of first degree sexual assault. After unsuccessfully appealing his conviction he filed a petition for a writ of habeas corpus in this court. He presents three grounds for relief. The first two grounds are related: he argues that two jurors were biased, and he argues that his trial counsel was ineffective for not asking one of them if she could be fair and impartial despite having been a victim of a sexual assault. (ECF No. 1 at 6-8.) Bailey further

argues that he was deprived of a fair trial as a result of the prosecutor's closing argument. (ECF No. 1 at 8.)

**Standard of Review**

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Following the passage of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court generally may grant habeas relief only if the state court decision was "either (1) 'contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or (2) 'based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" Miller v. Smith, 765 F.3d 754, 759-60 (7th Cir. 2014) (quoting 28 U.S.C. § 2254(d)(1), (2)).

**Analysis**

**Juror Bias**

During voir dire, juror L.W. reported that she was sexually assaulted ten years earlier by an Air Force colleague after she took a sleeping pill. (ECF No. 12-10 at 46-47.) The prosecutor asked her a few details about the incident—whether she attempted to run away or fight; whether she suffered visible injuries as a result of the assault; and whether photographs were taken. L.W. also stated during voir dire that she believed she was treated unfairly by the police in one of her two drunk driving arrests. (ECF No.

12-10 at 66-67.) But she said she believed she would not be biased against the police because of that incident. (ECF No. 12-10 at 67.) She also stated that she would need "some pretty good evidence or something" in order convict someone without "physical evidence like DNA or photographs or videos, something outside of just testimony from a witness." (ECF No. 12-10 at 90.) But no one asked her whether her experience as a sexual assault victim might affect her ability to be fair and impartial in Bailey's trial.

Juror M.P. also responded affirmatively to the question "Do any of you know personally of someone, yourself or someone close to you, who has been sexually assaulted?" (ECF No. 12-10 at 41, 43.) She reported that her son-in-law was in prison for raping one of her grandson's friends. (ECF No. 12-10 at 44.) The prosecutor asked M.P., "You believe you could listen to testimony and look at evidence in this case and make a decision based just on this case whether you believe these things happened or not?" (ECF No. 12-10 at 45.) M.P. responded, "I think so." (ECF No. 12-10 at 45.) The court followed-up: "And you could be fair?" (ECF No. 12-10 at 45.) "I think I could, yeah," she responded. (ECF No. 12-10 at 45.) Defense counsel asked additional questions, to which M.P. responded, "Needless to say, I have great horrible feelings against my son-in-law, my daughter's husband. … Whether it would affect the way I feel about somebody else, I mean, I'm sure—This is all fairly new. He's only been actually convicted of it for--since early summer. … You know, I think I could be but I just have bad feelings about this person. … [M]y son-in-law." (ECF No. 12-10 at 45-46.) She agreed that her feelings were

3

not directed toward alleged sexual assailants generally but rather were specific to her son-in-law. (ECF No. 12-10 at 46.) Thus, when defense counsel asked, "And you believe that you can sit and listen to testimony from different sources and separate that from sounds like the visceral feeling that you have for your son-in-law?", she responded, "Yeah, I think so. Yes." (ECF No. 12-10 at 46.)

The only other information obtained regarding M.P. is that she is retired (ECF No. 12-10 at 76), and she previously served on a criminal jury decades earlier (ECF No. 12-10 at 73).

The Wisconsin Court of Appeals rejected Bailey's arguments, noting that jurors are presumed to be impartial and that it is Bailey's burden to prove bias. (ECF No. 1-1, ¶ 5 (citing *State v. Smith*, 2006 WI 74, ¶ 19, 291 Wis. 2d 569, 716 N.W.2d 482).) With respect to M.P., the court noted that her son-in-law's case was factually distinct from Bailey's case, and M.P. said she thought she could be fair and that her bad feelings were not toward persons charged with sex crimes generally but were directed at her son-in-law, specifically. (ECF No. 1-1, ¶ 8.) Thus, there was no reason to conclude that she was either objectively or subjectively biased. (ECF No. 1-1, ¶ 8.)

As for L.W., the court of appeals rejected Bailey's argument that bias should be presumed because neither the court nor the attorneys specifically questioned her regarding her potential bias. (ECF No. 1-1, ¶ 9.) The court distinguished *Oswald v. Bertrand*, 374 F.3d 475 (7th Cir. 2004), a case where the Seventh Circuit Court of Appeals

4

granted habeas relief in part because the circuit court had not inquired about potential juror bias resulting from, in part, potential jurors discussing amongst themselves the superfluity of a trial in light of what they believed to be overwhelming evidence of the defendant's guilt. (ECF No. 1-1, ¶ 10.) The court concluded that "[t]here is nothing in the record before us to suggest that L.W. could not serve as an impartial juror." (ECF No. 1-1, ¶ 11.)

As for the ineffective assistance of counsel aspect of Bailey's challenge to L.W. serving as a juror, the court of appeals found the record undeveloped. (ECF No. 1-1, ¶ 9.) The court noted that trial counsel did not testify at a post-conviction hearing despite being present. (ECF No. 1-1 at fn. 1.)

"The due process clause of the Fourteenth Amendment entitles a state criminal defendant to an impartial jury, which is to say a jury that determines guilt on the basis of the judge's instructions and the evidence introduced at trial, as distinct from preconceptions or other extraneous sources of decision." *Oswald v. Bertrand*, 374 F.3d 475, 477 (7th Cir. 2004) (citing *Morgan v. Illinois*, 504 U.S. 719, 726 (1992); *Patton v. Yount*, 467 U.S. 1025, 1037 n. 12 (1984); *Irvin v. Dowd*, 366 U.S. 717, 721-23 (1961); *United States v. McClinton*, 135 F.3d 1178, 1185-86 (7th Cir. 1998); *United States v. Angiulo*, 897 F.2d 1169, 1182-83 (1st Cir. 1990)). If the court becomes aware of possible juror bias it must "determine the circumstances, the impact thereof upon the juror, and whether or not it was prejudicial." *Oswald*, 374 F.3d at 478 (quoting *Remmer v. United States*, 347 U.S. 227,

230 (1954); citing *United States v. Thomas*, 463 F.2d 1061, 1063-64 (7th Cir. 1972); *United States v. Humphrey*, 208 F.3d 1190, 1198-99 (10th Cir. 2000); *United States v. Davis*, 177 F.3d 552, 556-57 (6th Cir. 1999); *Howard v. Moore*, 131 F.3d 399, 422 (4th Cir. 1997) (en banc)). The adequacy of the court's inquiry "is a function of the probability of bias; the greater that probability, the more searching the inquiry needed to make reasonably sure that an unbiased jury is impaneled." *Oswald*, 374 F.3d at 480.

A juror need not be a blank slate to be unbiased. "Everyone brings to a case a set of beliefs that may incline him in one direction or another." *Griffin v. Bell*, 694 F.3d 817, 824 (7th Cir. 2012) (quoting *Thompson v. Altheimer & Gray*, 248 F.3d 621, 625 (7th Cir. 2001)); *see also Irvin v. Dowd*, 366 U.S. 717, 723 (1961) ("To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard."); *Oswald v. Berge*, No. 01-C-689, 2006 U.S. Dist. LEXIS 41672, at *17 (E.D. Wis. June 21, 2006) ("[J]urors undoubtedly bring preconceptions, their thought processes, and their life experiences into the courtroom."). "[I]t is virtually impossible to shield jurors from every contact or influence that might theoretically affect their vote." *Smith v. Phillips*, 455 U.S. 209, 217 (1982). A juror is biased, in the sense that the Constitution is concerned, if she "expressed an irrational or unshakeable bias that indicated an inability or unwillingness to faithfully and impartially apply the law." *Griffin*, 694 F.3d at 824.

The court of appeals' conclusion that M.P. was not biased is a reasonable application of federal law. M.P's experience, involving the sexual assault of a child, was very different from the offenses of which Bailey was accused. *Cf. United States v. Allen*, 605 F.3d 461, 465 (7th Cir. 2010). Moreover, M.P. stated that her feelings were directed at her son-in-law and not generally at persons accused of sex offenses. *See United States v. Allen*, 605 F.3d 461, 465 (7th Cir. 2010) ("As the prospective juror acknowledged, 'this crime has nothing to do with that crime.'"). And when questioned further, M.P. said that she believed she would be able to decide the case based solely on the evidence presented in court.

With respect to L.W., Bailey argues his trial counsel was ineffective because he did not ask her follow-up questions regarding her prior victimization, did not request that she be removed for cause, and did not use a peremptory challenge to remove her. (ECF No. 14 at 13-17.) "Alternatively, the trial court itself should've removed this juror for cause." (ECF No. 14 at 17.) But the United States Supreme Court has never held that a defendant is denied a fair trial simply by virtue of a juror having been the victim of a crime similar to that with which the defendant was charged. Therefore, the trial court's failure to sua sponte dismiss L.W. does not entitle Bailey to habeas corpus relief.

To prevail on a claim of ineffective assistance of counsel a petitioner must show both that his attorney's performance was deficient and that he was prejudiced as a result. *Perrone v. United States*, No. 16-2437, 2018 U.S. App. LEXIS 12465, at *22 (7th Cir.

7

May 14, 2018) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "On the performance prong, he 'must overcome the strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Wyatt v. United States*, 574 F.3d 455, 458 (7th Cir. 2009) (internal quotation marks omitted)). "On the prejudice prong, he must show that 'but for counsel's errors, there is a reasonable probability that the result would have been different.'" *Id.* (quoting *United States v. Graf*, 827 F.3d 581, 584 (7th Cir. 2016)). "As with the first prong, there is a presumption that the petitioner has not suffered prejudice." *Id.* (citing *Graf*, 827 F.3d at 584-85). Thus, the court's review of an ineffective assistance of counsel claim is "doubly deferential" when presented in a petition for a writ of habeas corpus. *Washington v. Boughton*, 884 F.3d 692, 701 (7th Cir. 2018) (quoting *Hinesley v. Knight*, 837 F.3d 721, 732 (7th Cir. 2016)).

The court of appeals noted that Bailey did not call his trial counsel to testify at a post-conviction hearing even though the testimony of trial counsel is required to sustain a claim of ineffective assistance of counsel. (ECF No. 1-1, ¶ 11; *see also* ECF No. 12-3 at 58-59); *State v. Machner*, 92 Wis. 2d 797, 804, 285 N.W.2d 905 (Ct. App. 1979) ("We hold that it is a prerequisite to a claim of ineffective representation on appeal to preserve the testimony of trial counsel."); *State v. Krieger*, 163 Wis. 2d 241, 253, 471 N.W.2d 599 (Ct. App. 1991) ("Whether a defendant seeks to overturn a jury verdict or withdraw a plea, a claim that a defendant was denied effective assistance of counsel must be grounded on a proper record. A postconviction hearing must be held in the trial court, and trial

8

counsel must testify and explain his or her conduct during the proceedings." (citation omitted).) Bailey having waived his opportunity to present the testimony of his trial counsel to the state court, an evidentiary hearing before this court would be inappropriate.

To the extent the claim might not have been procedurally defaulted by his failure to develop it in the state courts, the court looks to the record to determine whether it establishes that Bailey's trial counsel's performance was both unreasonable and prejudicial. The record does not support such a finding. To the contrary, the record suggests that Bailey's trial counsel could have reasonably wanted L.W. on the jury. L.W. had been previously arrested and believed she was treated unfairly by the police. (ECF No. 12-10 at 66-67.) Defense counsel could reasonably believe that that experience would make her more sympathetic to Bailey. Moreover, in response to the question, "Is there anybody here who, in order to render a verdict, has to be shown some kind of physical evidence like DNA or photographs or videos, something outside of just testimony from a witness?", L.W. responded, "Yes. There'd have to be some pretty good evidence or something. I mean, that's-It's a serious charge that's going to affect his life for the rest of it." (ECF No. 12-10 at 90.) Given that the charges against Bailey were unsupported by any physical evidence, defense counsel could have reasonably concluded that L.W.'s skepticism about evidence consisting solely of the testimony of fact witnesses would work to Bailey's benefit. Her answer also showed that she

understood the necessity to carefully consider the evidence presented and that she appreciated the gravity of a juror's responsibility.

Therefore, the court concludes that Bailey is not entitled to habeas relief with respect to his claims regarding juror bias.

**Prosecutorial Misconduct**

Bailey argues that during his closing argument the prosecutor improperly suggested that "Bailey had somehow conceded to the fact that it was not him but his alleged co-defendant Memphis who had committed the sexual attack against the victims." (ECF No. 1 at 8.) Bailey's assertion rests upon one sentence of the prosecutor's rebuttal: "If he is essentially conceding that Memphis committed a sexual assault but not this defendant, which would be the reason to protect Memphis, then why does Cassandra say that both men were involved?" (ECF No. 12-12 at 160.) The context of this comment is complex but recounted in detail in the court of appeals' decision. (ECF No. 1-1, ¶ 14.)

In his closing, the prosecutor stated that Bailey lied about his co-defendant, Memphis, including about where Memphis was from and how long he had known him. (ECF No. 1-1, ¶ 14.) The prosecutor suggested that Bailey was lying about Memphis out of concerns that Memphis would implicate him in the rapes. (ECF No. 1-1, ¶ 14.) Defense counsel, in his closing, acknowledged there was evidence that Bailey lied about how long he had known Memphis, but dismissed the implication that he was lying to

protect himself as "conjecture." (ECF No. 1-1, ¶ 14.) Defense counsel suggested that Bailey might have been lying simply to protect Memphis, and not lying out of a concern that Memphis would implicate him in the crimes. (ECF No. 1-1, ¶ 14.)

In rebuttal the prosecutor said it was not "conjecture" that Bailey was lying to protect himself but "common sense." (ECF No. 1-1, ¶ 14.) As for the notion that Bailey was protecting Memphis, the prosecutor said that the only reason for Bailey to protect Memphis was if Memphis committed the rapes. (ECF No. 1-1, ¶ 14.) But this contention did not make sense because both victims identified both Bailey and Memphis as being involved. (ECF No. 1-1, ¶ 14.) In making this point, the prosecutor made the statement quoted above and which Bailey challenges, "If he is essentially conceding that Memphis committed a sexual assault but not this defendant, which would be the reason to protect Memphis, then why does [the victim] say that both men were involved?" (ECF No. 1-1, ¶ 14.)

> In *Darden v. Wainwright*, 477 U.S. 168 (1986), the United States Supreme Court established a two-prong test for determining whether a prosecutors' [sic] comments in closing argument constitute a denial of due process. *Id.* at 181; *Bartlett v. Battaglia*, 453 F.3d 796, 800 (7th Cir. 2006). The court must first look to the challenged comments to determine whether they were improper. If the comments were improper, the court must consider a number of factors to determine whether the defendant was prejudiced by the comments. *Ruvalcaba v. Chandler*, 416 F.3d 555, 565 (7th Cir. 2005). Among the factors to be considered by the court in deciding whether the defendant was prejudiced by the comments are: "(1) whether the prosecutor misstated the evidence, (2) whether the remarks implicate specific rights of the accused, (3) whether the defense invited the response, (4) the trial court's instructions, (5) the weight of the evidence against the

defendant, and (6) the defendant's opportunity to rebut." *Howard v. Gramley*, 225 F.3d 784, 793 (7th Cir. 2000).

*Ellison v. Acevedo*, 593 F.3d 625, 635-36 (7th Cir. 2010). The Wisconsin Court of Appeals concluded that the prosecutor's statement was not improper. (ECF No. 1-1, ¶ 16.) This court agrees; the prosecutor's statement was proper.

If Bailey was lying about Memphis to protect Memphis, as Bailey's attorney suggested in his closing, then one inference to draw from that was that Bailey knew Memphis committed the rapes. Thus, one could reasonably infer that Bailey was conceding that Memphis committed the rapes. And if Bailey was protecting Memphis because he knew Memphis committed the rapes, then that implicated Bailey because both victims reported that Memphis and Bailey committing the rapes together.

## Conclusion

Having concluded that Bailey is not entitled to relief on any claim presented in his petition, **IT IS THEREFORE RECOMMENDED** that Bailey's petition for a writ of habeas corpus be **denied**.

**IT IS FURTHER RECOMMENDED** that the court deny Bailey a certificate of appealability, Bailey having failed to make a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) whereby written objections to any order herein or part thereof may be filed within

fourteen days of service of this order. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal.

Dated at Milwaukee, Wisconsin this 29th day of June, 2018.

                                                                         _William E. Duffin_
                                                                         WILLIAM E. DUFFIN
                                                                         U.S. Magistrate Judge